BARNEY (DE KRAFT v.).    See Case No. 18,288.

BELKNAP MILLS (CROMPTON v.).    See Case No. 18,285.

BELL (BILLINGSLEY v.).    See Case No. 18,237.

---

## Case No. 18,231.

BELL v. LEWIS et al.

[2 Hayw. & H. 136.] [1]

Circuit Court, District of Columbia.    Nov. 8, 1853. [2]

ASSIGNMENT OF CLAIM FOR INDEMNITY—PROOF OF

The convention created for the settlement of claims between Brazil and the United States, held in the case of the American brig Caspian, condemned and sold as a prize of war at Montevideo, that the proof of an assignment of a

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton. Esq.]
[2] [Affirmed 17 How. (58 U. S.) 616.]

claim for indemnity for the loss of personal property by the pilot of the brig, which had been mislaid or lost, could not be supplied by parol proof or by a copy of the same, but required the original to be produced, in order to establish the claim in the assignee.

In equity. [Bill for an injunction.]

The bill in substance states that the American brig Caspian was sold with her cargo in Montevideo, in South America, on the 20th of September, 1827, to sundry persons, one of whom, Stephen J. Lewis, late of New York, but now deceased, acquired an interest of $5,000, or one-fifth part thereof. That the said brig, with her cargo, while pursuing her voyage, was illegally captured on the 2nd of October, 1827, in the river La Platte, by the Brazilian squadron, carried into Montevideo, and condemned as prize of war. That Lewis, who was on board as her pilot, had his baggage robbed by the captors of monies and effects to the amount of $4020; that demand was thereafter steadily made by the United States government on behalf of Lewis, against the government of Brazil, for indemnity for the loss of his interest in said brig and cargo, and of his monies and effects of which he had been robbed, until his claims were included in the convention of January 27th, 1849, between the two governments. That on the 6th of November, 1828, Lewis being indebted to Isaac Bell, of New York, in the sum of $12,500, and having no property of his own in possession, assigned his claim against the Brazilian government for indemnity, as aforesaid, to Isaac Bell, his executors, administrators or assigns, with full power to collect the same, and never thereafter asserted any right to the said claims, which were afterwards urged upon the United States government by Isaac Bell. That Lewis died on the 31st of July, 1844, intestate and without any property, never having paid any part of his indebtedness to Isaac Bell, except so far as his claims against Brazil for indemnity, so assigned to Isaac Bell, might be realized, discharged the same. That Lewis' claims for indemnity against Brazil were prosecuted by Isaac Bell, his assignee, before the commissioners appointed to carry into effect the convention of January 27th, 1849, upon a duly proved copy of the assignment, the original of which was believed to have been lost, but the commissioner would not admit this evidence of the assignment, and on the 30th of June, 1852, awarded to Mary Lewis, administratrix of Lewis, the sum of $11,551.24, which he found to be due on account of Lewis' claims. That subsequently to the making of this award Isaac Bell assigned all his right, title and interest as Lewis' assignee, to and in Lewis' claim to Isaac Bell, Junior, of Mobile, in Alabama, who afterwards assigned the same to Edward R. Bell, of New York, who now claims by virtue of said assignments to be the actual bona fide owner of the whole of the award, so as aforesaid, made to Mary Lewis. That the original assignment from Lewis to Isaac Bell, believed to have been lost, has since the date of the said award been found. That Isaac Bell, Junior, and Edward R. Bell, assignee as aforesaid, having complied in all respects with the act of congress of July 3, 1852 [10 Stat. 11], in the premises, Edward R. Bell has filed his bill of complaint against Mary Lewis for relief, praying that Mary Lewis, the defendant, be enjoined from asking and receiving from the secretary of the treasury, and the secretary of the treasury from paying to her the whole or any part of the award.

The defendant answers that she knows nothing of her father having assigned at any time the claim; that if any assignment was ever made, she insists that it will be found to have been a mere nominal assignment, creating a mere temporary trust or bailment for the use of said Lewis, the occasion for which has long ceased to exist, and with it the trust or bailment.

That such a trust is not the subject of assignment, and that it was not in the power of said Isaac Bell, Sr., to make a voluntary assignment to his son Isaac, Jr., and by consequence that the assignment to plaintiff alleged in the bill is a nullity, cannot be recognized in a court of equity, and the plaintiff cannot in virtue thereof prosecute this suit.

That the assignments from father to son and from brother to brother, and for the purpose declared in the bill, are champertous and against public policy, illegal, the result of improper combination and confederate, voluntary, void, and will not be enforced, by a court of equity especially.

That the transactions out of which supposed assignment arose, if it ever had existence, are stale; that the alleged debt upon which it rests, if any debt ever had existence, is a stale demand, barred by the statute of New York for the limitations of actions; and such debt. if it ever existed, was contracted, which is preferred against the estate of dead men. under circumstances of suspicion, is sought by parole proof alone to be sustained; proof touching matters of near twenty-five years standing. if they ever had an existence at all, and upon all these grounds not entitled to the aid of a court of equity.

G. Suthen, for complainant.

Chitten & Ratcliffe, for defendants.

The following is the decree:

This cause having been regularly set for hearing, and coming on to be heard on the bill, answer, the exhibits and proofs taken and filed in the same (the complainant having refused to read in evidence the depositions of Isaac Bell, Senior, which have been taken by said complainant, and the defendant's counsel having thereupon read the same) and the court having heard, read and considered the same and the arguments of counsel thereon:

It is this 8th day of November, 1853, by the

court ordered, adjudged and decreed, that the several assignments set up in the said bill have been fully proved to the satisfaction of this court to have been duly made, on sufficient consideration by the said Stephen J. Lewis, in his lifetime, and by said Isaac Bell, Senior, and Isaac Bell, Junior, respectively; and thereby the whole claim passed to and has become vested in said Edward R. Bell, and the said sum of money of right belongs to said Edward R. Bell.

And this court doth further order, adjudge and decree, that the sum awarded by George P. Fisher, Esq., commissioner, &c., to said Mary Lewis, administratrix of Stephen J. Lewis, and now remaining in the treasury of the United States, be paid by the said secretary of the treasury to the said Edward R. Bell.

Decree affirmed. See 17 How, [58 U. S.] 616.